**Luis RIVERA IV, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–03–219–CR.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

March 11, 2004.

---

Grant Jones, Corpus Christi, for appellant.

Patrick L. Flanigan, Dist. Atty., Sinton, for state.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

A jury convicted appellant Luis Rivera IV of injury to a child, a first degree felony.[1]  The trial court sentenced him to forty years confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court has certified that this is not a plea-bargain case, and Rivera has a right to appeal.  *See* Tex.R.App. P. 25.2(a)(2).  This appeal ensued.  We affirm.

### I.  *PROCEDURAL BACKGROUND*

A grand jury indicted Rivera on September 13, 2002 on two counts of injury to a child.  On September 20, 2002, by a

---

1.  *See* Tex Pen.Code Ann. § 22.04 (Vernon 2003).

document dated August 27, 2002, a Corpus Christi law firm entered its appearance as Rivera's retained counsel. In a motion to substitute counsel filed January 10, 2003 and signed by Rivera, the law firm informed the trial court that "Defendant no longer desire[d] to be represented by" the firm. That same day, the trial court ordered substitution of a second retained trial lawyer. The jury trial began March 19, 2003 and concluded March 20. The trial court assessed punishment and signed a judgment on April 7, 2003. By letter to the trial court dated April 4, 2003 and filed April 11, Rivera asked for appointment of appellate counsel.[2] Rivera's retained trial counsel filed a notice of appeal on Rivera's behalf on April 21, 2003. On August 18, 2003, a third lawyer filed with this Court a notice of his substitution as Rivera's retained counsel, noting that he "was hired to represent Appellant in this appeal."[3]

We twice granted substitute retained counsel's extensions to file the appellant's brief, the second time to October 8, 2003. On October 7, 2003, counsel filed a motion for leave to withdraw as Rivera's appellate counsel. In the motion, counsel represented that he could "find no meritorious issues to bring forward for review." In a brief in support of his motion for leave to withdraw, counsel provided a detailed statement of the case and summary of the facts and evidence at trial. In a section of the brief entitled "Possible Issues in the Case," counsel informed this Court that he could find no procedural errors in the trial. He noted that the evidence is factually and legally sufficient to support the verdict. He acknowledged that the only possible issue in the case was the trial court's ex-

clusion of testimony regarding what the defense argued was the "general mental state" of the victimized child's mother. Counsel concluded, however, that "it is not likely the error had any significant impact on the jury's verdict."

On October 16, 2003, following receipt of the motion to withdraw, Rivera notified this Court he desired to file a pro se brief. He requested an extension of time to do so. He did not ask for a copy of the record. We granted Rivera's motion on October 30, 2003 and informed him that we "will expect the pro se brief to be filed by January 5, 2004, and will not look favorably upon any further extensions of time in this cause." On November 7, 2003, Rivera requested that "as soon as I'm appointed legal counsel, that a copy of every thing [sic] you send me be given to him so that he or she could better help prepare my brief." On November 10, 2003, Rivera filed a bevy of motions: (1) declaring himself indigent and requesting appointment of appellate counsel; (2) again requesting that a copy of all communications be sent to his new counsel as soon as one is appointed; (3) requesting that a copy of the complete appellate record be sent to him so that he may prepare his pro se brief; and (4) requesting all forms needed to declare himself indigent so as to obtain court-appointed counsel. We notified Rivera that the motions would be carried with the case.

Construing counsel's brief in support of his motion to withdraw as the appellant's brief, we notified the parties that the case was to be submitted without oral argument

---

2. The record does not contain any affidavit of indigency or an order appointing appellate counsel. No indigency proceedings are reflected in the record. We note that the court reporter certified that the cost of the record was to be paid by the defendant.

3. The notice of substitution of counsel notes that the attorney who filed the notice of appeal was appointed by the trial court, but this observation is not supported by the record.

on March 1, 2004. Rivera has not filed a pro se brief.

## II. DISPOSITION

### A. Motion to Withdraw

▮ The constitutional protections afforded indigent appellants with appointed counsel do not apply to an appellant who has retained counsel. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see also Sossamon v. State*, 110 S.W.3d 57, 61 (Tex.App.-Waco 2002, no pet.) (per curiam); *Craddock v. State*, 38 S.W.3d 886, 887 (Tex.App.-Waco 2001, no pet.) (per curiam); *Nguyen v. State*, 11 S.W.3d 376, 379 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *Pena v. State*, 932 S.W.2d 31, 32 (Tex.App.-El Paso 1995, no pet.); *Oldham v. State*, 894 S.W.2d 561, 562 (Tex.App.-Waco 1995, no pet.) (per curiam). *Anders* ensures that "indigent defendants have the benefit of what wealthy defendants are able to acquire by purchase. . . ." *Oldham*, 894 S.W.2d at 562. An appellant represented by a retained attorney has obtained all that *Anders* is designed to assure. *Id.* Thus, only appointed counsel is required to file an *Anders* brief. Retained counsel is not required to do so. *See Nguyen*, 11 S.W.3d at 378. Moreover, an attorney, whether appointed or retained, is under an ethical obligation to refuse to pursue a frivolous appeal. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 435, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *see also* Tex. Disciplinary R. Prof'l Conduct 3.01; *Pena*, 932 S.W.2d at 32.

▮ A retained attorney, on determining that an appeal is frivolous, must inform this Court that the appeal has no merit and seek leave to withdraw by filing a motion complying with rule 6.5 of the rules of appellate procedure. *See Pena*, 932 S.W.2d at 32; *see also* Tex.R.App. P. 6.5;

*Oldham*, 894 S.W.2d at 562 (addressing former rule 7). The only issue before us is whether the motion to withdraw satisfies the requirements of rule 6.5. *See Oldham*, 894 S.W.2d at 562; *see also Nguyen*, 11 S.W.3d at 379; *accord Pena*, 932 S.W.2d at 33; *Mays v. State*, 904 S.W.2d 920, 923 n. 1 (Tex.App.-Fort Worth 1995, no writ).

The motion to withdraw filed by Rivera's counsel: (1) lists the deadline for filing appellant's brief (rule 6.5(a)(1)); (2) provides Rivera's current address through the Institutional Division of the Texas Department of Criminal Justice (rule 6.5(a)(2)); and (3) certifies that counsel delivered a copy of the motion to Rivera (rule 6.5(a)(3)). By Rivera's motions filed with this Court, which includes a form counsel provided to Rivera along with a copy of the motion, we conclude that counsel effected delivery under rule 6.5(b). However, the motion does not state that counsel notified Rivera in writing of the right to object to the withdrawal as required by rule 6.5(a)(4). *See* Tex.R.App. P. 6.5(a)(4). Accordingly, we deny counsel's motion to withdraw.

### B. Indigency

▮ The record reflects no indigency determination by the trial court. To the contrary, the record affirmatively reflects that Rivera retained not one but two trial lawyers. Also, Rivera was not indigent in August of 2003 when he retained his current counsel. He asserted his indigency only after his retained appellate counsel found no merit in his appeal. We find that Rivera is not entitled to any presumption that his indigency status has changed so as to trigger further inquiry under rule 38.8(b) of the rules of appellate procedure. *See* Tex.R.App. P. 38.8(b).

▮ Further, in his motions Rivera has vacillated about whether he desires to represent himself or whether he wants to

be represented by counsel. *See Sossamon,* 110 S.W.3d at 61 (recognizing in dicta that pro se appellant may be entitled to "standby" appellate counsel). A trial court may appoint "standby" counsel for a defendant proceeding pro se. *Neal v. Texas,* 870 F.2d 312, 315–16 (5th Cir.1989). However, we have found no authority applying to a pro se appellant the right a criminal defendant enjoys to "standby" counsel at trial. Even so, appointment of "standby" counsel at trial is discretionary, not mandatory. *Id.* The right to waive the Sixth Amendment right to counsel may not be exercised simply to delay the orderly procedure of the courts or to interfere with the fair administration of justice. *DeGroot v. State,* 24 S.W.3d 456, 457 (Tex. App.-Corpus Christi 2000, no pet.) (citing *Thomas v. State,* 550 S.W.2d 64, 68 (Tex. Crim.App.1977); *Parker v. State,* 545 S.W.2d 151, 156 (Tex.Crim.App.1977)). In any event, Rivera is represented by counsel until we permit his current retained counsel to withdraw. We have declined to do so. It is well settled that a criminal defendant has no right to hybrid representation. *Ex parte Taylor,* 36 S.W.3d 883, 887 (Tex.Crim.App.2001); *Sossamon,* 110 S.W.3d at 61.

### C. Decision on the Merits

#### 1. Liberal Construction of Brief

■ Usually, when no appellant's brief has been filed in a criminal appeal, we abate to the trial court for a hearing as provided by rule 38.8(b)(3) to determine whether the appellant desires to prosecute the appeal, the appellant's indigency status, if the appellant is represented by counsel who will diligently pursue the appeal, or if there is a need to appoint new counsel. *See* TEX.R.APP. P. 38.8(b)(3). Rule 38.8(b)(4) provides that we may not dismiss or consider a criminal appeal without briefs unless the trial court finds that the appellant no longer desires to prosecute the appeal or that the appellant is not indigent but has not made the necessary arrangements for filing a brief. However, a criminal defendant may not use the right to counsel to manipulate the judicial process or to interfere with the administration of justice. *Wallace v. State,* 618 S.W.2d 67, 70 (Tex.Crim.App.1981). Rule 38.8(b) was designed to protect an appellant in a criminal case from the failure of counsel to file a brief. It was not designed to protect a non-indigent appellant from retained counsel's determination that the appeal is frivolous.

Rule 38.8(b)(4) also provides, under appropriate circumstances, that "the appellate court may consider the appeal without briefs, as justice may require." TEX.R.APP. P. 38.8(b)(4); *see Lott v. State,* 874 S.W.2d 687, 688 (Tex.Crim.App.1994) (affirming conviction on record alone where appellant failed to file pro se brief after being properly admonished). However, it long has been the practice to liberally construe briefs to obtain a just, fair, and equitable adjudication of the rights of the litigants. *See In re L.M.I.,* 119 S.W.3d 707, 733 & n. 14 (Tex.2003) (Owen, J., concurring and dissenting). Indeed, our rules mandate liberality in construction. *Id.; see* TEX. R.APP. P. 38.9. Accordingly, we have construed retained counsel's brief in support of his motion to withdraw as appellant's brief.

We are not required to question retained counsel's assertion that the appeal lacks merit in law or fact as we must if counsel were appointed. *Pena,* 932 S.W.2d at 33. Rivera's counsel has identified only evidentiary error as a "Possible Issue in the Case." Accordingly, we construe Rivera's sole issue to be a challenge to the trial court's exclusion of testimony of the "general mental state" of the victimized child's mother.

## 2. Evidentiary Analysis

The record shows that Rivera sought to introduce evidence about the outcome of a reported act of sexual misconduct charged by the mother against a male relative. Evidence developed by Rivera in a bill of exception indicates that the testimony would have been by a family member that the mother, sixteen years old at the time of the incident, decided not to press charges. Rivera argued that the evidence was relevant and admissible to prove that the mother was a troubled young woman who was capable of hurting her own child.

### a. Evidentiary Standard of Review

We review a trial court's admission or exclusion of evidence under an abuse-of-discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 379–80 (Tex. Crim.App.1990). An abuse of discretion occurs when the trial court acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Id.* at 380. In other words, an abuse of discretion occurs only when the trial court's decision is so wrong as to lie outside that zone within which reasonable persons might disagree. *Id.* A trial court has a "limited right to be wrong." *Id.* Our inquiry on appeal is whether the result was reached in an arbitrary or capricious manner. *Id.*

### b. Rules of Admissibility

To be admissible, evidence must be relevant. Tex.R. Evid. 402. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex.R. Evid. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, by considerations of undue delay, or needless presentation of cumulative evidence. Tex.R. Evid. 403; *Mozon v. State*, 991 S.W.2d 841, 846–47 (Tex.Crim.App.1999). In other words, rule 403 favors the admission of relevant evidence and carries the presumption that relevant evidence will be more probative than prejudicial. *Phelps v. State*, 5 S.W.3d 788, 795 (Tex.App.-San Antonio 1999, pet. ref'd). In reviewing the trial court's balancing of probative value with prejudice, we reverse the trial court's judgment "rarely and only after a clear abuse of discretion." *Id.* (citing *Montgomery*, 810 S.W.2d at 379).

## 3. Application of the Rules of Admissibility to the Excluded Evidence

The excluded evidence did not have any tendency to make the existence of any fact of consequence to a determination of Rivera's guilt either more or less probable than it would have been without the evidence. *See* Tex.R. Evid. 401. Accordingly, we find no abuse of discretion if the trial court excluded the evidence as irrelevant. *See Mozon*, 991 S.W.2d at 846–47. Further, even if the excluded evidence was relevant, we find no abuse of discretion if the trial court excluded the evidence because its probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Tex.R. Evid. 403; *see also Phelps*, 5 S.W.3d at 795. We find no merit in the issue. We hold that the trial court did not abuse its discretion in excluding the evidence. *See Montgomery*, 810 S.W.2d at 380. As construed, we overrule Rivera's sole issue.

## III. CONCLUSION

We deny retained counsel's motion to withdraw. *See* Tex.R.App. P. 6.5. We

deny Rivera's motions as moot. *See Ashcraft v. State*, 900 S.W.2d 817, 830–31 (Tex. App.-Corpus Christi 1995, one pet. ref'd, one pet. dism'd) ("Once an appellant has retained an attorney, the court is entitled to look solely to the attorney and is not required to consider pro se motions."). We affirm the judgment and sentence of the trial court. We order counsel to inform Rivera promptly of the disposition of this case and the availability of discretionary review. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex.Crim.App.1997).[4]

---

4. We also note the potential availability of habeas corpus review. *See* Tex.Code Crim. Proc. Ann. arts. 11.07, 11.08 (Vernon 1977 & Supp. 2004); *see Cooper v. State*, 45 S.W.3d 77, 81 n. 2 (Tex.Crim.App.2001).