Jalowy v. OT 






 









NUMBER 13-02-00177-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

ANTON BENNIE JALOWY,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 329th District Court of Wharton County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa
          A jury found, appellant, Anton Bennie Jalowy, guilty of the offense of murder and
assessed his punishment at life imprisonment and a $10,000 fine. Appellant filed a pro se
notice of appeal. The trial court has certified that this “is not a plea-bargain case, and the
defendant has the right of appeal.” See Tex. R. App. P. 25.2(d). 
          Appellant is not represented by counsel on appeal. The reporter’s record in this
appeal was due on July 16, 2002, but was not filed. Donna Goree, the official court
reporter, informed the court that appellant had not paid or made arrangements to pay the
reporter’s fee to prepare the reporter’s record. See Tex. R. App. P. 37.3(c)(2)(A). 
Accordingly, on October 3, 2002, this Court abated the appeal and ordered the trial court
to conduct a hearing to determine if appellant still desired to prosecute his appeal and
whether the appellant was indigent. See Tex. R. App. P. 37.3(a)(2). 
          On October 22, 2002, the trial court entered findings of fact and conclusions of law. 
The trial court found appellant was not indigent and that he desired to prosecute his
appeal. This Court then reinstated the appeal. The reporter’s record was filed on February
13, 2003.
          On March 26, 2003, we informed appellant and the trial court that appellant’s brief
was due on March 17, 2003, but that no brief had been filed. Because this Court did not
receive a satisfactory response from appellant, we abated the appeal on April 24, 2003,
and again ordered the trial court (1) to conduct a hearing to determine whether appellant 
desired to prosecute his appeal and whether appellant was indigent, and (2) to make
appropriate findings and recommendations. See Tex. R. App. P. 38.8(b)(2). Again, the trial
court found that appellant was not indigent and desired to appeal pro se. Accordingly, we
again reinstated the appeal.
          On August 1, 2003, we ordered that appellant’s brief be filed on or before
September 2, 2003. Again, appellant’s brief was not filed, and appellant and the trial court
were notified on September 24, 2003, that no brief had been received. On October 30,
2003, we again abated the appeal and ordered the trial court (1) to conduct a hearing to
determine whether appellant desired to prosecute his appeal and whether appellant was
indigent, and (2) to make appropriate findings and recommendations. See Tex. R. App. P.
38.8(b)(2). Again, the trial court found that appellant was not indigent and desired to
appeal pro se. Again, we reinstated the appeal.
          On November 18, 2003, we ordered appellant to file his brief by December 18,
2003. Appellant again failed to file a brief. On February 23, 2004, the State filed a motion
to consider this appeal without briefs. Also, on February 23, 2004, this Court received a
letter motion from a fellow inmate of appellant, requesting a four-to-six month extension
of time to file appellant’s brief. The State’s motion was granted on March 5, 2004, and the
motion filed by appellant’s fellow inmate was denied on June 25, 2004. 
          Rule 38.8 of the Texas Rules of Appellate Procedure provides that the appellate
court will not dismiss or consider an appeal without briefs unless it is shown that: (1) the
appellant no longer desires to prosecute his appeal; or (2) the appellant is not indigent and
has failed to make necessary arrangements for filing a brief. Tex. R. App. P. 38.8(b). The
rule was designed to protect an indigent appellant from the failure of his appointed counsel
to provide a brief. Rivera v. State, No. 13–03-00219-CR, 2004 Tex. App. LEXIS 2262, at
*9 (Tex. App.– Corpus Christi March 11, 2004, no pet. h.). The rule further provides that
under appropriate circumstances, “the appellate court may consider the appeal without
briefs, as justice may require.” Tex. R. App. P. 38.8(b)(4). 
          Three times this case has been remanded to the trial court for a determination of
indigency and appellant’s desire to prosecute this appeal. Three times the trial court has
determined that appellant is not indigent and desires to appeal pro se. While we believe
that no accused should be denied his right of appeal, we also believe that “justice requires”
that the exercise of this right of appeal must be held within the framework of the rules of
appellate procedure. See Coleman v. State, 774 S.W.2d 736, 738-39 (Tex. App.–Houston
[14th Dist.] 1989, no pet.). We also believe that requiring an appellant to follow the rules
does not infringe upon his right of appeal. See id. Therefore, we find that justice requires
this appeal be determined without a brief.
          This Court has reviewed the entire record brought forth in this appeal, and we find
no fundamental error. See Lott v. State, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994).
          The judgment of the trial court is affirmed. 
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Opinion delivered and filed this the
22nd day of July, 2004.