In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00125-CR


______________________________




HUMBERTO B. LOPEZ, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 36087-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Moseley



O P I N I O N



 Humberto B. Lopez appeals from his conviction of the state-jail felony of possession of a
controlled substance (cocaine), in an amount of less than one gram. See Tex. Health & Safety
Code Ann. § 481.115(b) (Vernon 2003). He was sentenced to two years' confinement, probated
for four years. (1) Lopez is not indigent.

 For the following reasons, we affirm the judgment.

 Lopez filed his notice of appeal on June 18, 2008. The clerk's record was filed on July 8,
2008, and the reporter's record was filed on September 4, 2008. Lopez's retained attorney filed a
motion to withdraw, stating that after a thorough review of the record and applicable law, he was
unable to find any grounds for appeal that might result in a reversal and concluded that the appeal
was wholly frivolous. Counsel further detailed in his motion the difficulties he encountered in
attempting to contact Lopez, or to obtain direction from Lopez concerning the continuation or
termination of the appeal. Counsel mailed a copy of that motion to Lopez, but informed this Court
that it was returned as undeliverable. Counsel met all the other requirements of Rule 6.5 of the
Texas Rules of Appellate Procedure. See Tex. R. App. P. 6.5. 

 The provisions of Anders v. California, 386 U.S. 738 (1967), do not apply to retained
counsel. Rivera v. State, 130 S.W.3d 454, 459 (Tex. App.--Corpus Christi 2004, no pet.); Craddock
v. State, 38 S.W.3d 886, 887 (Tex. App.--Waco 2001, no pet.). This is so because by securing
retained counsel, the appellant has received all that Anders was designed to ensure. Rivera, 130
S.W.3d at 458. Nonetheless, like their counterparts who have been appointed, retained counsel also
have an ethical obligation to refuse to pursue a frivolous appeal. Id. So, when counsel encounters
such an appeal, he must inform the appellate court of it and seek leave to withdraw in compliance
with Rule 6.5 of the Texas Rules of Appellate Procedure. Id. Then, we need only address whether
counsel complied with that rule. Id.

 On February 24, 2009, this Court granted counsel's motion to withdraw. On that same date,
this Court also mailed a letter to the last known address Lopez had provided to counsel, providing
Lopez with ten days in which to retain different counsel to pursue his appeal or to take other action
showing his continuing intention to effectively pursue this appeal. Our letter was returned with the
notation:

RETURN TO SENDER


NOT DELIVERABLE AS ADDRESSED


UNABLE TO FORWARD



 It is an appellant's duty to keep his counsel and the Court apprised of his location. See In re
Schulman, 252 S.W.3d 403, 408-09 n.22 (Tex. Crim. App. 2008). 

 We know of no rule that obligates us to retain on our docket an appeal which an appellant
has represented, through his hired attorney, as frivolous simply because the appellant failed to inform
his attorney or this Court of his current whereabouts. Yet, in the interest of justice, we followed our
sister court of appeals (2) and undertook an independent review of the appellate record to determine
whether the representation regarding the frivolousness of the appeal was accurate. In doing so, we
likewise uncovered no arguable issue warranting reversal.

 We affirm the judgment of the trial court.




 Bailey C. Moseley

 Justice


Date Submitted: March 26, 2009

Date Decided: March 27, 2009


Publish

1. We note that Lopez was formally sentenced from the bench to sixty days' confinement on
consecutive weekends until completed as a condition of his community supervision. 
2. Torres v. State, 271 S.W.3d 872 (Tex. App.--Amarillo 2008, no pet.).