NO. 07-09-0262-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 27, 2009
                                       ______________________________

BRET AVERY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19996-C; HONORABLE ANA ESTEVEZ, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ORDER OF ABATEMENT AND REMAND
          On August 3, 2009, appellant, Bret Avery, filed a notice of appeal from a judgment
entered by the 251st District Court of Potter County, Texas, in cause number 19,996-C. On
August 12, appellant’s trial counsel filed a motion to withdraw from representation of
appellant. This motion does not state that counsel notified appellant in writing of the right
to object to the withdrawal, as required. See Tex. R. App. P. 6.5(a)(4); Rivera v. State, 130
S.W.3d 454, 458 (Tex.App.–Corpus Christi 2004, no pet.). Accordingly, we deny counsel’s
motion to withdraw. 
          However, because counsel was appointed, states that appellant is indigent, and
requests appointment of new appellate counsel, we will abate and remand this cause. 
Upon remand, the judge of the trial court is directed to immediately cause notice to be
given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute
this appeal; (2) if appellant desires to prosecute this appeal, whether appellant’s counsel
should be allowed to withdraw from representation of appellant; (3) if appellant desires to
appeal, whether appellant is indigent; and (4) if appellant is indigent, whether appellant
should be appointed new appellate counsel. If the trial court determines that new counsel
should be appointed to represent appellant on appeal, the court should cause the Clerk of
this Court to be furnished the name, address, and State Bar of Texas identification number
of the newly-appointed attorney. 
          The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law, and recommendations and cause them to
be included in a supplemental clerk’s record; (3) cause the hearing proceedings to be
transcribed and included in a supplemental reporter’s record; (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk’s record or the supplemental reporter’s record; and (5) cause the
records of the proceedings to be sent to this court. Tex. R. App. P. 38.8(b)(3). In the
absence of a request for extension of time from the trial court, the supplemental clerk’s
record, supplemental reporter’s record, and any additional proceeding records, including
any orders, findings, conclusions, and recommendations, are to be sent so as to be
received by the clerk of this court not later than September 25, 2009.  
 
                                                                           Per Curiam
Do not publish.