NO. 07-09-0262-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 27, 2009
_____

BRET AVERY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19996-C; HONORABLE ANA ESTEVEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ORDER OF ABATEMENT AND REMAND**

On August 3, 2009, appellant, Bret Avery, filed a notice of appeal from a judgment entered by the 251st District Court of Potter County, Texas, in cause number 19,996-C. On August 12, appellant's trial counsel filed a motion to withdraw from representation of appellant. This motion does not state that counsel notified appellant in writing of the right to object to the withdrawal, as required. See TEX. R. APP. P. 6.5(a)(4); Rivera v. State, 130 S.W.3d 454, 458 (Tex.App.–Corpus Christi 2004, no pet.). Accordingly, we deny counsel's motion to withdraw.

However, because counsel was appointed, states that appellant is indigent, and requests appointment of new appellate counsel, we will abate and remand this cause. Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant's counsel should be allowed to withdraw from representation of appellant; (3) if appellant desires to appeal, whether appellant is indigent; and (4) if appellant is indigent, whether appellant should be appointed new appellate counsel. If the trial court determines that new counsel should be appointed to represent appellant on appeal, the court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this court. TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including

2

any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the clerk of this court not later than September 25, 2009.

Per Curiam

Do not publish.