NO. 07-08-0513-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 4, 2009
______________________________

DANIEL LUIS CANCINO, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 4046; HON. RON ENNS, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          Daniel Luis Cancino (appellant) pled guilty to aggravated assault with a deadly
weapon, without the benefit of an agreement on punishment. The trial court eventually
sentenced him to twelve years in prison. Appellant appealed, and his retained attorney
filed a motion to withdraw. In that motion he certified that, after diligently searching the
record, there was no reversible error. We granted counsel’s motion to withdraw and for the
reasons which follow, we affirm the judgment. 
          The provisions of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967) do not apply to retained counsel. Torres v. State, 271 S.W.3d 872, 873 (Tex.
App.–Amarillo 2008, no pet.); Rivera v. State, 130 S.W.3d 454, 458 (Tex. App.–Corpus
Christi 2004, no pet.); Craddock v. State, 38 S.W.3d 886, 887 (Tex. App.–Waco 2001, no
pet.). This is allegedly so because by securing retained counsel, the appellant has
received all that Anders was designed to insure. Rivera v. State, 130 S.W.3d at 458. 
Nonetheless, like their counterparts who have been appointed, retained counsel also have
an ethical obligation to refuse to pursue a frivolous appeal. Id. So, when counsel
encounters such an appeal, he must inform the appellate court of it and seek leave to
withdraw in compliance with Rule 6.5 of the Texas Rules of Appellate Procedure. Id. 
          Here, appellant’s retained counsel told us that he reviewed the appellate record and
discovered no arguable ground for reversal. Moreover, the motion to withdraw that he filed
discloses the party’s name and last known address and telephone number, a statement
that a copy of the motion was delivered to the party, and a statement that the party was
notified in writing of the right to object to the motion, as required by Rule 6.5. Tex. R. App.
P. 6.5(a). Upon receiving the motion, we sent appellant a letter informing him of his
attorney’s representation about the frivolousness of the appeal and the pending motion to
withdraw. So too did this court tell appellant, via the same letter, that he had the
opportunity to respond to the brief and motion by November 12, 2009, and review the
record if he should care to respond. The letter was addressed to appellant’s last known
address. To date, we have not received a response from him. 
          In situations like that before us, we are not bound by the prohibitions of Rule
38.8(b)(3) of the Texas Rules of Appellate Procedure. Rivera v. State, 130 S.W.3d at 459
(stating that Rule 38.8(b) generally prohibits an appellate court from dismissing or
considering an appeal simply because no appellant’s brief was filed, but it was not
designed to protect a non-indigent appellant from retained counsel’s determination that the
appeal is without merit). Moreover, we know of no rule that obligates us to retain on our
docket an appeal which appellant has represented, through his hired attorney, as frivolous
simply because the appellant failed to respond to his attorney’s motion to withdraw or to
the brief that the attorney filed. Nonetheless and in the interest of justice, we undertook
an independent review of the appellate record to determine whether counsel’s
representation regarding the frivolousness of the appeal was accurate. After doing so, we
found no arguable issue warranting reversal, conclude that counsel was accurate, and find
no reason to allow the appeal to proceed.
          Accordingly, we affirm the trial court’s judgment.
  
                                                                           Brian Quinn 
                                                                          Chief Justice 
 
Do not publish.