NO. 07-08-0513-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 4, 2009
_____

DANIEL LUIS CANCINO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 4046; HON. RON ENNS, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Daniel Luis Cancino (appellant) pled guilty to aggravated assault with a deadly weapon, without the benefit of an agreement on punishment. The trial court eventually sentenced him to twelve years in prison. Appellant appealed, and his retained attorney filed a motion to withdraw. In that motion he certified that, after diligently searching the record, there was no reversible error. We granted counsel's motion to withdraw and for the reasons which follow, we affirm the judgment.

The provisions of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) do not apply to retained counsel. *Torres v. State,* 271 S.W.3d 872, 873 (Tex. App.–Amarillo 2008, no pet.); *Rivera v. State,* 130 S.W.3d 454, 458 (Tex. App.–Corpus Christi 2004, no pet.); *Craddock v. State,* 38 S.W.3d 886, 887 (Tex. App.–Waco 2001, no pet.). This is allegedly so because by securing retained counsel, the appellant has received all that *Anders* was designed to insure. *Rivera v. State*, 130 S.W.3d at 458. Nonetheless, like their counterparts who have been appointed, retained counsel also have an ethical obligation to refuse to pursue a frivolous appeal. *Id.* So, when counsel encounters such an appeal, he must inform the appellate court of it and seek leave to withdraw in compliance with Rule 6.5 of the Texas Rules of Appellate Procedure. *Id.*

Here, appellant's retained counsel told us that he reviewed the appellate record and discovered no arguable ground for reversal. Moreover, the motion to withdraw that he filed discloses the party's name and last known address and telephone number, a statement that a copy of the motion was delivered to the party, and a statement that the party was notified in writing of the right to object to the motion, as required by Rule 6.5. TEX. R. APP. P. 6.5(a). Upon receiving the motion, we sent appellant a letter informing him of his attorney's representation about the frivolousness of the appeal and the pending motion to withdraw. So too did this court tell appellant, via the same letter, that he had the opportunity to respond to the brief and motion by November 12, 2009, and review the record if he should care to respond. The letter was addressed to appellant's last known address. To date, we have not received a response from him.

In situations like that before us, we are not bound by the prohibitions of Rule 38.8(b)(3) of the Texas Rules of Appellate Procedure. *Rivera v. State*, 130 S.W.3d at 459 (stating that Rule 38.8(b) generally prohibits an appellate court from dismissing or considering an appeal simply because no appellant's brief was filed, but it was not designed to protect a non-indigent appellant from retained counsel's determination that the appeal is without merit). Moreover, we know of no rule that obligates us to retain on our docket an appeal which appellant has represented, through his hired attorney, as frivolous simply because the appellant failed to respond to his attorney's motion to withdraw or to the brief that the attorney filed. Nonetheless and in the interest of justice, we undertook an independent review of the appellate record to determine whether counsel's representation regarding the frivolousness of the appeal was accurate. After doing so, we found no arguable issue warranting reversal, conclude that counsel was accurate, and find no reason to allow the appeal to proceed.

Accordingly, we affirm the trial court's judgment.


Brian Quinn
Chief Justice


Do not publish.


3