**Opinion filed July 14, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00063-CR
_____

## ROBERTO GARCIA VERA, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**

**Scurry County, Texas**

**Trial Court Cause No. 9566**

## M E M O R A N D U M   O P I N I O N

The jury convicted Roberto Garcia Vera of felony driving while intoxicated and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of forty years. We dismiss the appeal.

Appellant's retained attorney has filed a motion to withdraw wherein he certifies that, after diligently searching the record, there is no reversible error on which to base an appeal. Counsel has also filed what appears to be an *Anders* brief explaining why the conviction was lawful. *See Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573

S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

The provisions of *Anders v. California* do not apply to retained counsel. *Rivera v. State*, 130 S.W.3d 454, 459 (Tex. App.—Corpus Christi 2004, no pet.); *Craddock v. State*, 38 S.W.3d 886, 887 (Tex. App.—Waco 2001, no pet.). By securing retained counsel, appellant has received all that *Anders* was designed to insure. *Rivera*, 130 S.W.3d at 458. Nonetheless, like their counterparts who have been appointed, retained counsel also have an ethical obligation to refuse to pursue a frivolous appeal. *Id.* When counsel encounters such an appeal, he or she must inform the appellate court of it and seek leave to withdraw in compliance with TEX. R. APP. P. 6.5. *Id.* In this situation, we only need to address whether counsel complied with that rule. *Id.*

Appellant's retained counsel has advised the court that he reviewed the appellate record and discovered no arguable ground for reversal. The motion to withdraw that he filed discloses current deadlines and settings, appellant's name and last known address, a statement that a copy of the motion was delivered to appellant, and a statement that appellant was notified in writing of the right to object to the motion, as required by Rule 6.5. Additionally, the motion to withdraw informs appellant that he has a right to file a pro se brief in this appeal. Upon receipt of this motion, the court sent appellant a letter dated April 8, 2011, informing him of his attorney's representation about the frivolousness of the appeal and the pending motion to withdraw. This letter also advised appellant that his response to the motion was due to be filed in this court on or before May 9, 2011. A response has not been filed.

The situation before us is unlike one where no appellant's brief has been filed. Accordingly, we are not bound by the prohibitions of TEX. R. APP. P. 38.8(b). *Rivera*, 130 S.W.3d at 459 (stating that Rule 38.8(b) generally prohibits an appellate court from dismissing or considering an appeal simply because no appellant's brief was filed but that it was not designed to protect a non-indigent appellant from retained counsel's determination that the appeal is without merit). Furthermore, there is no rule that obligates us to retain on our docket an appeal that appellant has represented, through his hired attorney, is frivolous simply because appellant failed to respond to his attorney's motion to withdraw or the brief that the attorney filed. Accordingly, we grant the pending motion to withdraw and dismiss the appeal.

We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review with the clerk of this court seeking review by the Texas Court of Criminal Appeals. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a pro se petition for discretionary review under Rule 68."). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.


PER CURIAM


July 14, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.

3