

# NUMBER 13-12-00550-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MILTON TYRONE MITCHELL,                              Appellant,

**v.**

THE STATE OF TEXAS,                                     Appellee.

### On appeal from the 2nd 25th District Court
### of Gonzales County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Justice Longoria

In one issue, appellant, Milton Tyrone Mitchell, challenges his conviction for murder, a first-degree felony. TEX. PENAL CODE ANN. § 19.02 (West 2011). We affirm.

# I. BACKGROUND[1]

The State indicted appellant for the murder of Dyron Green, a coworker, following an argument at their workplace. Multiple witnesses testified regarding the confrontation between appellant and the victim. Tabitha Eldridge, the wife of appellant's supervisor, testified that the victim stated that "he shot me" and pointed towards appellant to identify him. The State indicted appellant for murder, and the case was tried to a jury. The jury returned a verdict of guilty and assessed eighty years' imprisonment and a fine of $10,000. This appeal followed.

# II. DISCUSSION

## A. Exclusion of Evidence

In his sole issue, appellant challenges the trial court's refusal to permit appellant to testify regarding the victim's past criminal offenses.

### 1. Standard of Review

We review the trial court's admission or exclusion of evidence for abuse of discretion. *Rivera v. State*, 130 S.W.3d 454, 460 (Tex. App.—Corpus Christi 2004, no pet.). The trial court abuses its discretion when it acts "without reference to guiding rules or principals." *Id.* Put another way, an abuse of discretion occurs when the trial court's decision lies outside of the "zone of reasonable disagreement." *Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996).

### 2. Applicable Law

An appellant who complains that the trial court erroneously excluded evidence must make an offer of proof unless the substance of the evidence is apparent from the

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to our decision. *See* TEX. R. APP. P. 47.1.

context. TEX. R. EVID. 103(a)(2); *Montgomery v. State,* 383 S.W.3d 722, 726 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The purpose of this requirement is to "enable an appellate court to determine whether the exclusion was erroneous or harmful." *Id.* (citing *Mays v. State*, 285 S.W.3d 884, 890 (Tex. Crim. App. 2009)). Even when error is preserved and the ruling was erroneous, the ruling must have affected a substantial right of appellant. TEX. R. EVID. 103(a).

### 3. Discussion

At trial, the following exchange occurred on direct examination between appellant and his counsel:

> Q. Are you — were you aware of him having any — committing any violent acts in the past?
>
> A. Oh, he done been to the penitentiary a couple of times.
>
> Q. Do you know what for?
>
> A. One of these —
>
> Prosecutor: I object to hearsay.
>
> Witness: Excuse me?
>
> The Court: Wait. When a lawyer stands up to object, you stop.
>
> Prosecutor: I'm going to object to hearsay.
>
> The Court: Sustained.
>
> Defense Counsel: Goes to his present sense—
> The Court: Approach the Bench, Counsel.
> (At the Bench, on the Record).
>
> The Court: If he has a history of violence of which this guy is aware, that's all well. But him speaking of specific convictions that he doesn't know about — if

3

you have a — a judgment or something you want to introduce into evidence, that's one thing. But I don't want this guy testifying to hearsay that he doesn't know about. But if he has specific acts of violence that the Defendant was aware about before the incident, then that's admissible.

Appellant now argues that the trial court erred in excluding appellant's testimony because his fear of the victim was admissible through the exception to the hearsay rule for an existing mental, emotional or physical condition. *See* TEX. R. EVID. 803(3); *Martinez v. State*, 17 S.W.3d 677, 689 (Tex. Crim. App. 2000) (en banc). Appellant argues that the trial court's ruling affected his substantial rights because it did not allow him to fully explain his state of mind at the time of the crime. We have reviewed the record, and appellant nowhere made an offer of proof of the testimony he wished to provide. Appellant has therefore failed to preserve error. *See Montgomery*, 383 S.W.3d at 726.

Accordingly, we overrule appellant's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of April, 2013.