

# NUMBERS

## 13-13-00618-CR
## 13-13-00619-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JAMES ROBERT MONTOYA,                                    Appellant,

v.

THE STATE OF TEXAS,                                      Appellee.

**On appeal from the 167th District Court
of Travis County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion by Justice Longoria**

By one issue, appellant James Robert Montoya challenges his convictions for one

count of aggravated kidnapping and one count of aggravated sexual assault. *See* TEX.

PENAL CODE ANN. §§ 20.04, 22.021 (West, Westlaw through 2013 3d C.S.).[1]  We affirm.

## I. BACKGROUND[2]

In the late afternoon of March 15, 2012, Mary Simms,[3] the complainant in this case, went to downtown Austin with her roommate and co-worker Alyssa Hunt to enjoy the South by Southwest music festival.  Accompanied by their friend, Olivia, the three women consumed alcohol at several bars through the evening.  At approximately one or two a.m., Simms decided to walk home because she was intoxicated, had lost contact with Hunt, and felt that Olivia was too intoxicated to drive.  During the walk, she declined a ride from a man driving a truck and continued walking.  She came to a secluded, grassy area where she was attacked from behind and pinned to the ground.  The attacker pinched her throat, causing her to feel lightheaded, and vaginally penetrated her with his sexual organ and his fingers.  He allegedly drove her to his house and penetrated her again.  She escaped the next morning when he was sleeping.  At trial, she identified appellant as her assailant and also the man who offered her a ride earlier in the evening.

The following exchange occurred during the State's examination of Simms's roommate, Hunt, when the State inquired about Simms's demeanor when she returned home immediately after escaping:

> Q:  Did you get the impression that this was somebody that Mary knew that raped her?
>
> A:  I did not get that impression.

---

[1] The State dropped a second sexual assault charge before trial.

[2] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

[3] The complainant in this case testified under this pseudonym and exercised her right to be referred to by a pseudonym "in all public files and records concerning the offense."  TEX. CODE CRIM. PROC. ANN. art. 57.02(b) (West, Westlaw through 2013 3d C.S.).

Q: Did you get the impression that Mary wanted to have some sexual relations with this person?

A: Absolutely not.

Q: And what gave you that impression?

A: Because of her demeanor walking in and I know that she's, I mean, loyal to her boyfriend and—

Hunt proceeded to describe the events after Simms returned home. The following exchange occurred later during appellant's cross-examination of Hunt:

Q: And I believe this was your words, that she was loyal to her boyfriend; is that correct?

A: That's correct.

Q: Okay. But do you recall you telling the—

[Prosecutor]: Objection, Judge. I hate to cut off counsel, but may we approach? This deals with the motion in limine.

THE COURT: Okay. Come ahead.

(*At the Bench, on the record*)

[Prosecutor]: I'm making the assumption that counsel is going to ask—

THE COURT: Hang on just a minute, I'm sorry.

[Prosecutor]: I'm making the assumption that counsel is going to ask her whether or not she saw the victim making out with their female friend, Olivia, at the bars. It's in my motion in limine and you said something about asking to approach before and outside the presence before there's any questions about that.

[Defense Counsel]: And, of course, we're just answering to their comments. I wouldn't have brought it up if she—

THE COURT: Say that again.

[Defense Counsel]: I wouldn't have—we would not have brought it up other than that they laid it on the table that she's loyal to her boyfriend. We

3

want to—we have a right to come in and counter that, that she's not. I mean, I don't know why it was an issue for her to say that.

The trial court judge sustained the State's objection and excluded the evidence. The jury returned a verdict of guilty on both counts. Appellant elected for the trial court judge to assess punishment. The trial court judge assessed punishment of concurrent sentences of thirty-five years' imprisonment on the sexual assault charge and ten years' imprisonment on the kidnapping charge. Appellant timely filed a notice of appeal.

## II. DISCUSSION

Appellant argues in his sole issue that the trial court judge committed reversible error by excluding evidence under the Texas rape shield law that appellant had kissed her friend Olivia throughout the evening of the alleged assault. *See* TEX. R. EVID. 412.

### A. Standard of Review and Applicable Law

We review the trial court's decision to admit or exclude evidence for abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Fuelberg v. State*, 447 S.W.3d 304, 315 (Tex. App.—Austin 2014, pet. filed). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Rivera v. State*, 130 S.W.3d 454, 460 (Tex. App.—Corpus Christi 2004, no pet.).

In a prosecution for sexual assault, aggravated sexual assault, or an attempt to commit either offense, evidence of specific instances of a complainant's past sexual behavior is inadmissible unless it is admitted according to the procedure provided in the rule and:

(2) it is evidence:

(A) that is necessary to rebut or explain scientific or medical evidence offered by the State;

4

(B) of past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior which is the basis of the offense charged;

(C) that relates to the motive or bias of the alleged victim;

(D) is admissible under Rule 609; or

(E) that is constitutionally required to be admitted; and

(3) its probative value outweighs the danger of unfair prejudice.

TEX. R. EVID. 412.

## B. Analysis

Appellant argues that the evidence was admissible under the exception in Rule 412(b)(2)(E) for evidence that the constitution requires that the trial court admit. Appellant asserts that the State opened the door to the evidence because Hunt's testimony left the false impression that Simms was not willing to consent "to erotic activities with someone other than her boyfriend on the night in question." Appellant's argument is twofold: first, as a matter of due process, the State may not let false or misleading testimony go uncorrected; second, appellant has a basic procedural right to rebut relevant evidence that was offered against him. *See Ex parte Ghahremani*, 332 S.W.3d 470, 477 (Tex. Crim. App. 2011) (observing that it is a violation of due process for the State to fail to correct testimony that it knows to be false or that leaves a false impression with the trier of fact); *Wells v. State*, 319 S.W.3d 82, 94 (Tex. App.—San Antonio 2010, pet. ref'd) (observing that evidence that is otherwise inadmissible "may be admitted if the party against whom the evidence is offered 'opens the door,' but the party offering the evidence may not stray beyond the scope of the invitation" (internal quotations omitted)).

Appellant argues on appeal that the constitution required admission of the excluded evidence, but the State responds that he did not preserve error by arguing to the trial court that the constitution required admitting this evidence. However, even if appellant did preserve error, he is unable to show that the probative value of the evidence outweighed the danger of unfair prejudice. *See* TEX. R. EVID. 412(b)(3). The term "probative value" describes "how strongly the evidence serves to make more or less probable the existence of a fact of consequence to the litigation coupled with the proponent's need for that item of evidence." *Gotcher v. State*, 435 S.W.3d 367, 373 (Tex. App.—Texarkana 2014, no pet.). "Unfair prejudice" refers to the tendency of evidence to "cause a decision to be made on an improper basis" such as by arousing the jury's hostility to or sympathy for one side without regard to the probative force of the evidence. *Id.* In a Rule 412 analysis, "unfair prejudice" includes prejudice to the complainant, who will potentially be stigmatized if the defendant is able to introduce evidence of her sexual behavior. *Stephens v. State*, 978 S.W.2d 728, 733 (Tex. App.—Austin 1998, pet. ref'd). In contrast to a Rule 403 analysis, the proponent of the evidence bears the burden to show that the probative value outweighs the danger of unfair prejudice, and the balancing test weighs against admission of the evidence. *Id.*

Appellant's argument is that the excluded evidence went to the element of consent, but Texas courts have held that evidence of a complainant's prior sexual activity with someone other than the accused is not relevant to that issue. *See Boyle v. State*, 820 S.W.2d 122, 149 (Tex. Crim. App. 1991) (op. on reh'g); *Woods v. State*, 301 S.W.3d 327, 334–35 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (applying *Boyle* and also finding that evidence of prior sexual assault was not admissible because it did not fit into any of

6

the exceptions in Rule 412); *see also Barrera v. State*, No. 05-06-00218-CR, 2007 WL 3173392, at *3 (Tex. App.—Dallas Oct. 31, 2007, no pet.) (mem. op, not designated for publication) ("When the evidence of prior behavior does not encompass any acts with the defendant, the evidence is not material to the consent issue and is inadmissible."); *see generally* TEX. R. EVID. 402 (providing that irrelevant evidence is inadmissible). Because the evidence appellant sought to admit was irrelevant, it has no probative value against which we can compare the risk of admitting it. *See Boyle*, 820 S.W.2d at 149; *Woods*, 301 S.W.3d at 334–35. We accordingly conclude that the trial court did not abuse its discretion in excluding this evidence.

We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.


NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of March, 2015.

7