**Opinion filed April 4, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-18-00167-CR

_____

## JOHN RICHARD HAMPTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 16404**

## M E M O R A N D U M   O P I N I O N

Based upon an open plea of guilty, the trial court convicted Appellant, John Richard Hampton, of the state jail felony offense of possession of methamphetamine. Appellant pleaded true to the enhancement allegations. *See* TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2018) (providing that two felony enhancements, as in this case, raise the punishment for the state jail felony to that for a second-degree felony). The trial court accepted Appellant's pleas of true, held a punishment hearing, found the enhancement allegations to be true, and assessed

Appellant's punishment at confinement for twenty years and a fine of $4,000. We affirm.

Appellant's retained attorney has filed a motion to withdraw wherein she states that she "is unable to determine grounds for an appeal." Counsel has also filed what appears to be an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). However, the provisions of *Anders v. California* do not apply to retained counsel. *Vera v. State*, No. 11-10-00063-CR, 2011 WL 2730965, at *1 (Tex. App.—Eastland July 14, 2011, no pet.) (mem. op., not designated for publication); *Rivera v. State*, 130 S.W.3d 454, 458 (Tex. App.—Corpus Christi 2004, no pet.); *Craddock v. State*, 38 S.W.3d 886, 887 (Tex. App.—Waco 2001, no pet.). By securing retained counsel, Appellant has received all that *Anders* was designed to assure. *Rivera*, 130 S.W.3d at 458. Nonetheless, like their counterparts who have been appointed, retained counsel also have an ethical obligation to refuse to pursue a frivolous appeal. *Id.* When counsel encounters such an appeal, she must inform the appellate court of it and seek leave to withdraw in compliance with Rule 6.5 of the Texas Rules of Appellate Procedure. *Id.* In this situation, we need only address whether counsel complied with that rule. *Id.*

In compliance with Rule 6.5, counsel's motion to withdraw contains Appellant's name and last known address, a statement that a copy of the motion was delivered to Appellant via certified and first class mail, and a statement that Appellant was notified in writing of the right to object to the motion. Additionally, the motion to withdraw contains a notification to Appellant that he has the right to file a pro se brief in this appeal and the right to file a petition for discretionary review. Counsel provided Appellant with a copy of the "*Anders*" brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the appellate record. Upon receipt

of counsel's motion, the clerk of this court notified Appellant by letter of his attorney's representation about the frivolousness of the appeal and the pending motion to withdraw. This letter also advised Appellant that any response to the motion was due to be filed in this court on or before January 7, 2019. Appellant has not filed a response.

The situation before us is unlike one where no brief has been filed. As we stated in *Vera*, we are not bound by the prohibitions of Rule 38.8(b) of the Texas Rules of Appellate Procedure. *Vera*, 2011 WL 2730965, at *1 (citing *Rivera*, 130 S.W.3d at 459) (stating that Rule 38.8(b), which generally prohibits an appellate court from dismissing or considering a criminal appeal in the absence of an appellant's brief, was not designed to protect a non-indigent appellant from retained counsel's determination that the appeal is without merit). Furthermore, there is no rule that obligates this court to retain on the docket an appeal that Appellant, through his retained attorney, has represented is frivolous. *Id.* In the interest of justice, we have independently reviewed the record, and we agree with counsel that the appeal is frivolous and without merit.[1]

We grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

April 4, 2019                                                     PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.