**Opinion filed January 26, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00260-CR

_____

## ALBERTICO CRUZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR55110**

### M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Albertico Cruz, of two counts of indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2019). The trial court assessed Appellant's punishment for each count at confinement for fifteen years and a fine of $5,000. We affirm.

Appellant's retained attorney has filed a motion to withdraw wherein he states that "there is no basis to pursue an appeal in this matter." Counsel has also filed what appears to be an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967);

*Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). However, the provisions of *Anders v. California* do not apply to retained counsel. *Vera v. State*, No. 11-10-00063-CR, 2011 WL 2730965, at *1 (Tex. App.—Eastland July 14, 2011, no pet.) (mem. op., not designated for publication); *Rivera v. State*, 130 S.W.3d 454, 458 (Tex. App.—Corpus Christi 2004, no pet.); *Craddock v. State*, 38 S.W.3d 886, 887 (Tex. App.—Waco 2001, no pet.). By securing retained counsel, Appellant has received all that *Anders* was designed to assure. *Rivera*, 130 S.W.3d at 458. Nonetheless, like their counterparts who have been appointed, retained counsel also have an ethical obligation to refuse to pursue a frivolous appeal. *Id.* When counsel encounters such an appeal, he must inform the appellate court of it and seek leave to withdraw in compliance with Rule 6.5 of the Texas Rules of Appellate Procedure. *Id.* In this situation, we need only address whether counsel complied with that rule. *Id.*

Here, counsel complied not only with Rule 6.5 but also with the requirements of *Anders*. In compliance with Rule 6.5, counsel's motion to withdraw, which also comprises a letter to Appellant, contains Appellant's name and last known address, a statement that a copy of the motion was delivered to Appellant via certified mail, and a statement that Appellant was notified in writing of the right to object to the motion. Aditionally, the letter attached to the motion to withdraw contains a notification to Appellant that he has the right to file a pro se response in this appeal and the right to file a petition for discretionary review. Counsel provided Appellant with a copy of the "*Anders*" brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the appellate record.

Upon receipt of counsel's motion, the clerk of this court notified Appellant by letter of his attorney's brief and the pending motion to withdraw. This letter also advised Appellant that he could file a pro se response in this court.

2

In his pro se response, Appellant raises one issue for review. Because this is not a true "*Anders*" situation, we address the issue raised by Appellant in his pro se response. Appellant asserts that his constitutional rights to confrontation and a fair trial were violated by the trial court when it admitted, over Appellant's hearsay and Fifth Amendment objections, an audio recording of the interview of Appellant that was conducted by an investigator with the Midland County Sheriff's Office.

Appellant's (and his trial counsel's) reliance on the hearsay rule is misplaced. A party's own out-of-court statement, when offered into evidence by an opposing party, does not constitute hearsay. TEX. R. EVID. 801(e)(2)(A). Here, the out-of-court statements were made by Appellant and were offered into evidence by the State. Thus, the statements did not constitute hearsay, and the trial court did not abuse its discretion when it overruled Appellant's hearsay objection to the audio recording of Appellant's interview.

Appellant also suggests that, because he "never confessed to any wrong doing during the interrogation," the admission of the audio recording violated his constitutional rights. Appellant relies on the Fifth Amendment and the Confrontation Clause. We disagree with Appellant's contentions because the record shows that he waived his Fifth Amendment rights after being read the appropriate warnings and because his Sixth Amendment right to confront the witnesses was not implicated by the admission into evidence of his own out-of-court statements.

Both the investigator's testimony and the audio recording itself show that Appellant was informed of his *Miranda* rights and agreed to speak to the investigator. *See Miranda v. Arizona*, 384 U.S. 436, 478–79 (1966); TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3 (West 2018). Thus, the record affirmatively shows that Appellant waived his rights under the Fifth Amendment and Article 38.22. *See Miranda*, 384 U.S. at 475; *Joseph v. State*, 309 S.W.3d 20, 23–27 (Tex. Crim. App. 2010).

Appellant's reliance on the Confrontation Clause is also misplaced. The Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI; *see Crawford v. Washington*, 541 U.S. 36, 42, 68 (2004). However, the Confrontation Clause is not implicated when a defendant's own statements are used against him. *See, e.g.*, *Vasquez v. Kirkland*, 572 F.3d 1029, 1037 (9th Cir. 2009) (noting that the Fifth Amendment right against self-incrimination—not the Sixth Amendment right to confront witnesses—is implicated by the use of a defendant's own statement); *United States v. Brown*, 441 F.3d 1330, 1358–59 (11th Cir. 2006) (holding that the admission into evidence of a defendant's own statement did not violate the Confrontation Clause).

Furthermore, in the *Crawford* line of cases, the Supreme Court has held that the Confrontation Clause pertains to the admission into evidence of statements that constitute testimonial *hearsay*. *See, e.g.*, *Davis v. Washington*, 547 U.S. 813, 823–26 (2006). The statements about which Appellant complains here were his own statements. As we stated above, by definition, a party's own statements, when offered into evidence by the opposing party, are not hearsay. *See* TEX. R. EVID. 801(e)(2)(A). Appellant's rights under the Confrontation Clause were not violated by the admission of the audio recording of his own statements. *See Contreras v. State*, No. 02-11-00252-CR, 2012 WL 3737714, at *3 (Tex. App.—Fort Worth Aug. 30, 2012, pet. ref'd) (mem. op., not designated for publication) (holding that the defendant's rights under the Confrontation Clause were not violated when his own statements were admitted into evidence).

We have considered all of the contentions raised by Appellant in this appeal and have determined that they have no merit. Accordingly, we overrule the sole issue presented by Appellant.

We grant counsel's motion to withdraw,[1] and we affirm the judgment of the trial court.

PER CURIAM

January 26, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.