Carey Michael CRADDOCK, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–00–232–CR.

Court of Appeals of Texas, Waco.

March 21, 2001.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ORDER

PER CURIAM.

Carey Michael Craddock was arrested for possession of a controlled substance. Craddock was completing a seven year probationary deferred adjudication sentence for a burglary of a habitation. Craddock entered a plea of guilty. Craddock appeals. Craddock is represented by retained counsel. Counsel filed a brief which asserts: "Counsel for Appellant has studied the clerk's record of the trial and find [sic] no clear error which was preserved for appeal." In essence, retained counsel has filed what appears to be an *Anders* brief. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

■■■ Retained appellate counsel in a criminal case has three alternative courses of action available:

1. File a brief on the merits;

2. After advice to and consent of the client, withdraw the notice of appeal; or

3. Move to withdraw from representation.

The constitutional protection of *Anders* is not applicable to retained counsel. *Oldham v. State,* 894 S.W.2d 561, 562 (Tex. App.—Waco 1995, no pet.). However, once retained counsel has determined that there are no arguable issues for appeal, there are only two options available:

1. After advice to and consent of the client, withdraw the notice of appeal; or

2. Move to withdraw from representation.

*Pena v. State,* 932 S.W.2d 31, 32 (Tex. App.—El Paso 1995, no pet.); *Mays v. State,* 904 S.W.2d 920, 923 fn. 1 (Tex. App.—Fort Worth 1995, no pet.); Tex. R.App. P. 6.5; Tex.R.App.P. 42.2(a).

■■■ We note that Craddock's brief asserts there is "no clear error which was preserved for appeal." This is not the standard for the zealous advocate to determine what issues should be brought before the court for review. While it is beyond the scope of this order to define the nature of what issues should be argued on appeal, we note that many ineffective assistance of counsel arguments, prior to review on the merits, overcome the failure to preserve error. Further, "no clear error" leaves open the question of whether there may be issues of "arguable merit" that should be presented to the court for determination. *See generally Taulung v. State,* 979 S.W.2d 854, 856 (Tex.App.—Waco 1998, no pet.).

Without directing what action is appropriate in this case, counsel is ordered to take note of this order and to take appro-

priate action within 10 working days here-
of.