Anders-regular



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



RICHARD YBARRA,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-02-00129-CR



Appeal from the


109th District Court


of Winkler County, Texas 


(TC# 3812) 


MEMORANDUM OPINION ON ORDER

ABATING APPEAL AND REMANDING FOR HEARING


 This appeal arises from a deferred adjudication for engaging in organized criminal
activity with the object offense of burglary.

 Appellant's retained counsel on appeal has filed a brief in which he has concluded
that the appeal is wholly frivolous and without merit, attempting to invoke Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh. denied, 388 U.S. 924, 87
S.Ct. 2094, 18 L.Ed.2d 1377 (1967). However, the constitutional protections of Anders
are not applicable when a defendant has retained counsel. Craddock v. State, 38 S.W.3d
886, 887 (Tex. App.--Waco 2001, no pet.); Nguyen v. State, 11 S.W.3d 376, 379 (Tex.
App.--Houston [14th Dist.] 2000, no pet.); Pena v. State, 932 S.W.2d 31, 32 (Tex. App.--El Paso 1995, no pet.); Oldham v. State, 894 S.W.2d 561, 562 (Tex. App.--Waco 1995,
no pet.). Although the Anders procedure does not apply to retained counsel, the same
ethical standards prohibiting frivolous appeals governs his actions before an appellate
court. Pena, 932 S.W.2d at 32-33. Retained counsel has three alternative courses in a
criminal case: (1) file a brief on the merits; (2) after advice to and consent of the client,
withdraw the notice of appeal; or (3) move to withdraw from representation. Craddock,
38 S.W.3d at 887. The first option is no longer available here, where retained counsel has
determined there are no arguable issues for appeal. Id. From the record before this
Court, we surmise that counsel has taken no steps to accomplish the second or third
option.

 In the current matter, time for filing appellant's brief expired without a motion for
extension of time. On August 28, 2002, this Court ordered a hearing to determine
whether Ybarra desired to prosecute his appeal, whether he had been deprived of
effective assistance of counsel, and to make appropriate findings and recommendations. 
A hearing was held on September 24, 2002, after which the judge made four findings:
Ybarra wished to prosecute his appeal; he is entitled to reasonable assistance of counsel;
he did not receive proper assistance of counsel in connection with this appeal because of
accident or mistake; and finally, retained counsel had agreed to prosecute the appeal. The
trial court then recommended that Mr. Ybarra be permitted to file his brief. That
recommendation was accepted by this Court.

 On April 11, 2003, this Court received a letter from Ybarra claiming that he has
not been contacted by his counsel since the hearing, inquiring whether a brief had even
been filed on his behalf, and stating he had not heard from his lawyer since the September
2002 hearing. Apparently, counsel has not informed his client of his intention to file a
frivolous appeal brief.

 Accordingly, it is ordered that submission of this appeal is vacated and that the
appeal is abated on the Court's own motion. The case is remanded to the trial court to
conduct a hearing to determine the following issues, as well as any others the trial court
deems necessary to determine the status of this appeal: (1) whether Ybarra has received
effective assistance of counsel; (2) whether he is entitled to appointed counsel; (3)
whether his retained counsel has abandoned the appeal; (4) whether counsel has failed to
keep him appropriately informed; and (5) whether counsel intends to file his motion to
withdraw. The trial court shall take such measures as may be necessary to assure
effective assistance of counsel. The record of such hearing, including any orders and
findings of the trial judge shall be certified and forwarded to this office on or before June
1, 2003.

 SUSAN LARSEN, Justice

May 1, 2003


Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.


(Do Not Publish)