NO. 07-08-0091-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 26, 2008
_____

MANUEL GUTIERREZ TORRES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 5729; HON. KELLY G. MOORE, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Though charged with aggravated assault, Manuel Gutierrez Torres was convicted by a jury of the lesser offense of assault causing bodily injury. He received a sentence of one year in jail and a $4,000 fine. Thereafter, an appeal was perfected, and his retained attorney filed a motion to withdraw wherein he certified that, after diligently searching the record, he concluded there is no reversible error. So too did counsel file what appears to be an *Anders* brief explaining why the conviction was lawful. *See Anders v. California,* 386

U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). For the reasons which follow, we affirm the judgment.

The provisions of *Anders v. California* do not apply to retained counsel. *Rivera v. State,* 130 S.W.3d 454, 459 (Tex. App.–Corpus Christi 2004, no pet.); *Craddock v. State,* 38 S.W.3d 886, 887 (Tex. App.–Waco 2001, no pet.). This is so because by securing retained counsel, the appellant has received all that *Anders* was designed to insure. *Rivera v. State*, 130 S.W.3d at 458. Nonetheless, like their counterparts who have been appointed, retained counsel also have an ethical obligation to refuse to pursue a frivolous appeal. *Id.* So, when counsel encounters such an appeal, he must inform the appellate court of it and seek leave to withdraw in compliance with Rule 6.5 of the Texas Rules of Appellate Procedure. *Id.* Then, we need only address whether counsel complied with that rule. *Id.*

Here, appellant's retained counsel has told us that he reviewed the appellate record and discovered no arguable ground for reversal. Moreover, the motion to withdraw that he filed discloses current deadlines and settings, the party's name and last known address and telephone number, a statement that a copy of the motion was delivered to the party, and a statement that the party was notified in writing of the right to object to the motion, as required by Rule 6.5. TEX. R. APP. P. 6.5(a). In response to this motion, we sent appellant a letter informing him of his attorney's representation about the frivolousness of the appeal and the pending motion to withdraw. So too did this court tell appellant, via the same letter, that he had the opportunity to respond to the brief and motion by November 5, 2008, and review the record if he should care to respond. The letter was addressed to appellant's last

2

known address. To date, we have heard nothing from him; this may be because the letter was returned as undeliverable "as addressed" and "unable to forward."

The situation before us is unlike one where no appellant's brief has been filed for one has been. So, we are not bound by the prohibitions of Rule 38.8(b)(3) of the Texas Rules of Appellate Procedure. *Rivera v. State*, 130 S.W.3d at 459 (stating that rule 38.8(b) generally prohibits an appellate court from dismissing or considering an appeal simply because no appellant's brief was filed, but it was not designed to protect a non-indigent appellant from retained counsel's determination that the appeal is without merit). Moreover, we know of no rule that obligates us to retain on our docket an appeal which appellant has represented, through his hired attorney, as frivolous simply because the appellant failed to respond to his attorney's motion to withdraw or the brief that the attorney filed. Yet, in the interest of justice we undertook an independent review of the appellate record to determine whether the representation regarding the frivolousness of the appeal was accurate. In doing so, we too uncovered no arguable issue warranting reversal.

Accordingly, we affirm the trial court's judgment and grant the pending motion to withdraw. So too do we direct David Martinez, appellant's previously retained counsel, to mail to appellant, via first class mail, and addressed to his last known address, a copy of this opinion on or before December 5, 2008.

> Brian Quinn
> Chief Justice

Publish.