NO. 07-09-00263-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
16, 2011

 



 

OCTAVIO ORTIZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 84TH DISTRICT COURT OF
HANSFORD COUNTY;

 

NO. CRO-1475; HONORABLE WILLIAM D. SMITH, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant
Octavio Ortiz appeals from the judgment revoking his
community supervision and sentencing him to five years confinement in the Institutional Division of the
Texas Department of Criminal Justice. We affirm the trial court's judgment.

            In August 2007, appellant was
indicted for possession of cocaine in an amount of one gram or more but less
than four grams.[1]  In April 2009, pursuant to a plea agreement,
appellant plead guilty as charged in the indictment and received a sentence
including five years’ confinement, probated for two years.  Appellant’s community supervision was
conditioned on his compliance with specified terms and conditions.

            In July 2009, the State filed a
motion alleging two violations of the terms of appellant’s community
supervision.  This motion was heard by
the court in August 2009.  Appellant
plead “not true” to each of the State’s allegations.

            One of the allegations in the
State’s motion was that appellant violated the term of his community
supervision requiring that he remain within Hansford County unless he first
obtained written permission of the community supervision officer to travel or
reside outside the county. 

            The court heard testimony from
appellant’s community supervision officer that she explained each of the terms
of appellant’s community supervision to him and he indicated his understanding
of each.  The officer also testified
appellant was informed he could not leave Hansford County and was never given
permission to do so.  The court also
heard the testimony of a Lubbock County deputy sheriff concerning the traffic
stop of appellant in Lubbock County in May 2009.   Appellant did not testify.

            Following the testimony and arguments
by counsel, the court revoked appellant’s community supervision, and assessed
punishment against appellant at confinement for a term of five years and a fine
of $1000.  Appellant timely filed his
notice of appeal.

Appellant's
attorney has filed a brief citing Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967), and advising us of his opinion the
appeal is frivolous.  He also has filed a
motion to withdraw.

Consistent
with the requirements of Anders,
counsel has certified that he has diligently reviewed the record and, in his
professional opinion, under the controlling authorities and facts of this case,
there is no reversible error or legitimate grounds on which a
non-frivolous appeal arguably can be predicated. The brief discusses the
procedural history of the case, appellant's pleas of
“not true,” and the hearing concerning appellant's punishment. Counsel has
certified that a copy of the brief
and motion to withdraw have been served on appellant, and that counsel has
advised appellant of his right to review the record and file a pro se
response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd).

We
will follow here the procedure we have followed on other recent occasions in
which retained counsel have filed Anders
briefs.  See Cancino v. State, No. 07-08-0513-CR, 2009 Tex.App. LEXIS 9290 (Tex.App.—Amarillo
Dec. 4, 2009, no pet.) (mem. op. not
designated for publication); Torres v.
State, 271 S.W.3d 872 (Tex.App.—Amarillo 2008, no
pet.).

The
constitutional protections required by Anders do not apply to retained
counsel. Rivera v. State, 130 S.W.3d 454, 459 (Tex.
App.--Corpus Christi 2004, no pet.); Craddock v. State, 38 S.W.3d 886, 887 (Tex. App.--Waco
2001, no pet.). This is so because by securing retained
counsel, the appellant has received all that Anders was
designed to insure. Rivera, 130 S.W.3d at 458.
Nonetheless, retained counsel
have an ethical obligation to refuse to pursue a
frivolous appeal. Id. Therefore, when counsel encounters such an appeal,
he must inform the appellate court of it and seek leave to withdraw in
compliance with Rule 6.5 of the Texas Rules of
Appellate Procedure. Id. 
Here, we need only address whether counsel complied with that rule. Id.; Lopez v. State,
283 S.W.3d 479 (Tex.App.—Texarkana 2009, no pet.).

As noted,
appellant's retained counsel has told us that he reviewed the appellate
record and discovered no arguable ground for reversal. The motion to withdraw
discloses current deadlines and settings, the party's name and last known
address and telephone number, a statement that a copy of the motion was
delivered to the party, and a statement that the party was notified in writing
of the right to object to the motion, as required by Rule 6.5. Tex. R. App. P. 6.5(a). 
Counsel has therefore complied with rule 6.5.  

By
letter, we also notified appellant of his opportunity to submit a response to
the brief and motion to withdraw filed by his counsel. Appellant has not filed
a response.

While
Anders is inapplicable here, we have
nevertheless conducted an independent review of the appellate record to
determine whether the representation regarding the frivolousness of the appeal
was accurate.  See generally Lopez, 283 S.W.3d at 479; Torres, 271 S.W.3d at 874. 
We have found no error arguably warranting reversal. 

In
his brief, counsel discusses the sufficiency of the evidence to support the
revocation of appellant’s community supervision but concludes there is no
arguably meritorious issue on this point. We agree. In a revocation proceeding, the State must prove by a
preponderance of the evidence that appellant violated a condition of community
supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993); Herrera v. State, 951 S.W.2d 197, 199 (Tex.App.--Corpus Christi 1997, no pet.).
When the State alleges more than one violation, proof of any one of them will
support revocation. Moore v. State, 11 S.W.3d 495, 498 (Tex.App.--Houston [14th Dist.] 2000, no pet.). The trial judge in such a proceeding is
the sole trier of fact. Id.; Taylor v. State, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980).  Here, from the evidence heard by the trial court,
it easily could have concluded the State proved at least one of its allegations
by a preponderance of the evidence.

            Accordingly, we grant counsel's
motion to withdraw[2]
and affirm the judgment of the trial court. 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do
not publish. 











[1]
See Tex.
Health & Safety Code Ann. § 481.115 (c) (West 2003).  This is a third degree felony punishable by
imprisonment for any term of not more than ten years or less than 2 years and a
fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.34 (West 2003). 





[2]  Counsel shall, within five days after the opinion
is handed down, send his client a copy of the opinion and judgment, along with
notification of the defendant’s right to file a pro se petition for discretionary review.  See
Tex. R. App. P. 48.4.