NO. 07-09-00263-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 16, 2011

OCTAVIO ORTIZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 84TH DISTRICT COURT OF HANSFORD COUNTY;

NO. CRO-1475; HONORABLE WILLIAM D. SMITH, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Octavio Ortiz appeals from the judgment revoking his community supervision and sentencing him to five years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm the trial court's judgment.

In August 2007, appellant was indicted for possession of cocaine in an amount of one gram or more but less than four grams.[1] In April 2009, pursuant to a plea

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115 (c) (West 2003). This is a third degree felony punishable by imprisonment for any term of not more than ten years or

agreement, appellant plead guilty as charged in the indictment and received a sentence including five years' confinement, probated for two years. Appellant's community supervision was conditioned on his compliance with specified terms and conditions.

In July 2009, the State filed a motion alleging two violations of the terms of appellant's community supervision. This motion was heard by the court in August 2009. Appellant plead "not true" to each of the State's allegations.

One of the allegations in the State's motion was that appellant violated the term of his community supervision requiring that he remain within Hansford County unless he first obtained written permission of the community supervision officer to travel or reside outside the county.

The court heard testimony from appellant's community supervision officer that she explained each of the terms of appellant's community supervision to him and he indicated his understanding of each. The officer also testified appellant was informed he could not leave Hansford County and was never given permission to do so. The court also heard the testimony of a Lubbock County deputy sheriff concerning the traffic stop of appellant in Lubbock County in May 2009. Appellant did not testify.

Following the testimony and arguments by counsel, the court revoked appellant's community supervision, and assessed punishment against appellant at confinement for a term of five years and a fine of $1000. Appellant timely filed his notice of appeal.

less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.34 (West 2003).

Appellant's attorney has filed a brief citing *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and advising us of his opinion the appeal is frivolous. He also has filed a motion to withdraw.

Consistent with the requirements of *Anders*, counsel has certified that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case, appellant's pleas of "not true," and the hearing concerning appellant's punishment. Counsel has certified that a copy of the brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd).

We will follow here the procedure we have followed on other recent occasions in which retained counsel have filed *Anders* briefs. *See Cancino v. State,* No. 07-08-0513-CR, 2009 Tex.App. LEXIS 9290 (Tex.App.—Amarillo Dec. 4, 2009, no pet.) (mem. op. not designated for publication); *Torres v. State,* 271 S.W.3d 872 (Tex.App.—Amarillo 2008, no pet.).

The constitutional protections required by *Anders* do not apply to retained counsel**.** *Rivera v. State*, 130 S.W.3d 454, 459 (Tex. App.--Corpus Christi 2004, no pet.); *Craddock v. State*, 38 S.W.3d 886, 887 (Tex. App.--Waco 2001, no pet.). This is so because by securing retained counsel, the appellant has received all that *Anders* was designed to insure. *Rivera*, 130 S.W.3d at 458. Nonetheless, retained counsel have

an ethical obligation to refuse to pursue a frivolous appeal. *Id.* Therefore, when counsel encounters such an appeal, he must inform the appellate court of it and seek leave to withdraw in compliance with Rule 6.5 of the Texas Rules of Appellate Procedure. *Id.* Here, we need only address whether counsel complied with that rule. *Id.*; *Lopez v. State,* 283 S.W.3d 479 (Tex.App.—Texarkana 2009, no pet.).

As noted, appellant's retained counsel has told us that he reviewed the appellate record and discovered no arguable ground for reversal. The motion to withdraw discloses current deadlines and settings, the party's name and last known address and telephone number, a statement that a copy of the motion was delivered to the party, and a statement that the party was notified in writing of the right to object to the motion, as required by Rule 6.5. Tex. R. App. P. 6.5(a). Counsel has therefore complied with rule 6.5.

By letter, we also notified appellant of his opportunity to submit a response to the brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

While *Anders* is inapplicable here, we have nevertheless conducted an independent review of the appellate record to determine whether the representation regarding the frivolousness of the appeal was accurate. *See generally Lopez,* 283 S.W.3d at 479; *Torres,* 271 S.W.3d at 874. We have found no error arguably warranting reversal.

In his brief, counsel discusses the sufficiency of the evidence to support the revocation of appellant's community supervision but concludes there is no arguably meritorious issue on this point. We agree. In a revocation proceeding, the State must

4

prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex.App.--Corpus Christi 1997, no pet.). When the State alleges more than one violation, proof of any one of them will support revocation. *Moore v. State*, 11 S.W.3d 495, 498 (Tex.App.--Houston [14th Dist.] 2000, no pet.). The trial judge in such a proceeding is the sole trier of fact. *Id.; Taylor v. State*, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980). Here, from the evidence heard by the trial court, it easily could have concluded the State proved at least one of its allegations by a preponderance of the evidence.

Accordingly, we grant counsel's motion to withdraw[2] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.