Opinion filed July 14,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00063-CR

                                                    __________

 

                             ROBERTO
GARCIA VERA, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                  On
Appeal from the 132nd District Court

 

                                                           Scurry
County, Texas

 

                                                       Trial
Court Cause No. 9566

 



 

M
E M O R A N D U M    O P I N I O N

            The
jury convicted Roberto Garcia Vera of felony driving while intoxicated and
assessed his punishment at confinement in the Institutional Division of the
Texas Department of Criminal Justice for a term of forty years.  We dismiss the
appeal.

Appellant’s retained attorney has filed a motion to withdraw
wherein he certifies that, after diligently searching the record, there is no
reversible error on which to base an appeal.  Counsel has also filed what
appears to be an Anders brief explaining why the conviction was lawful. See
Anders v. California, 386 U.S. 738 (1967); In re Schulman, 252
S.W.3d 403 (Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503
(Tex. Crim. App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State,
161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

The
provisions of Anders v. California do not apply to retained counsel.  Rivera
v. State, 130 S.W.3d 454, 459 (Tex. App.—Corpus Christi 2004, no pet.); Craddock
v. State, 38 S.W.3d 886, 887 (Tex. App.—Waco 2001, no pet.).  By securing
retained counsel, appellant has received all that Anders was designed to
insure.  Rivera, 130 S.W.3d at 458.  Nonetheless, like their
counterparts who have been appointed, retained counsel also have an ethical
obligation to refuse to pursue a frivolous appeal.  Id.  When counsel
encounters such an appeal, he or she must inform the appellate court of it and
seek leave to withdraw in compliance with Tex.
R. App. P. 6.5.  Id.  In this situation, we only need
to address whether counsel complied with that rule.  Id.

            Appellant’s
retained counsel has advised the court that he reviewed the appellate record
and discovered no arguable ground for reversal.  The motion to withdraw that he
filed discloses current deadlines and settings, appellant’s name and last known
address, a statement that a copy of the motion was delivered to appellant, and
a statement that appellant was notified in writing of the right to object to
the motion, as required by Rule 6.5.  Additionally, the motion to withdraw
informs appellant that he has a right to file a pro se brief in this appeal. 
Upon receipt of this motion, the court sent appellant a letter dated April 8,
2011, informing him of his attorney’s representation about the frivolousness of
the appeal and the pending motion to withdraw.  This letter also advised
appellant that his response to the motion was due to be filed in this court on
or before May 9, 2011.  A response has not been filed.

The
situation before us is unlike one where no appellant’s brief has been filed. 
Accordingly, we are not bound by the prohibitions of Tex. R. App. P. 38.8(b).  Rivera, 130 S.W.3d at 459
(stating that Rule 38.8(b) generally prohibits an appellate court from
dismissing or considering an appeal simply because no appellant’s brief was
filed but that it was not designed to protect a non-indigent appellant from
retained counsel’s determination that the appeal is without merit).  Furthermore,
there is no rule that obligates us to retain on our docket an appeal that appellant
has represented, through his hired attorney, is frivolous simply because
appellant failed to respond to his attorney’s motion to withdraw or the brief
that the attorney filed.  Accordingly, we grant the pending motion to withdraw
and dismiss the appeal.

We
note that counsel has the responsibility to advise appellant that he may file a
petition for discretionary review with the clerk of this court seeking review
by the Texas Court of Criminal Appeals.  Tex.
R. App. P. 48.4 (“In criminal cases, the attorney representing the
defendant on appeal shall, within five days after the opinion is handed down,
send his client a copy of the opinion and judgment, along with notification of
the defendant’s right to file a pro se petition for discretionary review under
Rule 68.”).  Likewise, this court advises appellant that he may file a petition
for discretionary review pursuant to Tex.
R. App. P. 68.

The
motion to withdraw is granted, and the appeal is dismissed.

 

 

                                                                                                PER
CURIAM

 

July 14, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.