

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00447-CR
_____

ADAM MOSES RAMOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 66,280; Honorable Dan Schaap, Presiding

September 29, 2014

## ORDER DIRECTING COUNSEL TO PROVIDE
## PAPER COPY OF APPELLATE RECORD IN ANDERS APPEAL

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following a plea of not guilty, Appellant, Adam Moses Ramos, was convicted by a jury of aggravated assault with a deadly weapon and sentenced to thirteen years confinement.[1]  On July 21, 2014, Appellant's court-appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493

---

[1] TEX. PENAL CODE ANN. § 22.02(a) (West 2011).

(1967), wherein he concluded that Appellant's appeal was frivolous. Counsel also filed a motion to withdraw as required by *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008), which included a copy of a letter to Appellant satisfying the educational burdens imposed by law.

Recently, in *Kelly v. State*, the Texas Court of Criminal Appeals held that court-appointed counsel has the duty to assist his client in obtaining "access to the appellate record" if the client desired to file a *pro se* response to an *Anders* brief. *Kelly v. State*, 436 S.W.3d 313, 315 (Tex. Crim. App. 2014). The Court further held the intermediate appellate courts were ultimately responsible for ensuring "one way or another" that an appellant was granted access to the record.[2] *Id.*

In this case, Appellant filed a motion requesting this Court to provide him a copy of the appellate record. By formal order dated August 7, 2014, that request was deemed moot because counsel's letter to Appellant, which accompanied the filing of his motion to withdraw, recited he had provided "copies of the Reporter's Record and Clerk's Record for [Appellant's] review."[3] *See Kelly,* 436 S.W.3d at 321 (requiring the court of appeals to enter a formal written order upon receipt of appellant's motion for *pro*

---

[2] Texas Rules of Appellate Procedure 34.5(g) and 34.6(h) anticipate that a duplicate copy of the Clerk's Record and Reporter's Record be retained by the trial court clerk "for the parties to use with the court's permission." We note that, although the Court in *Kelly* noted that it would not "dictate how" intermediate appellate courts were to accomplish the task of providing a copy of the appellate record, the opinion did suggest that appellate counsel, the trial court or the trial court clerk could be entities responsible for arranging access to the record. *Kelly*, 436 S.W.3d at 321. The intermediate appellate clerk was not mentioned as a possible responsible entity and the Court did not address how the financial burden of providing access was to be handled.

[3] *Ramos v. State*, No. 07-13-00447-CR, 2014 Tex. App. LEXIS 8742, at *1 (Tex. App.—Amarillo Aug. 7, 2014, no pet. h.).

*se* access to the appellate record).  Appellant was, however, granted an extension until September 22, 2014, to file his *pro se* response.

Now pending before this Court is a new *pro se* motion filed by Appellant wherein he expresses his desire to file a response to counsel's *Anders* brief and requests "a hard copy of [his] appellate record."  In his motion Appellant acknowledges receipt of the appellate record from counsel, but notes it is "not available to acess [sic]."  Based on that representation, the Clerk of this Court contacted appointed counsel to inquire what exactly had been provided to Appellant in the form of the appellate record.  Counsel advised it was his general practice to provide a *digital copy* of the record to an appellant.  The State did not respond to the motion.

While court-appointed counsel has facially complied with *Kelly* by sending Appellant a digital copy of the appellate record, because Appellant does not have access to a computer, counsel has not provided him with any meaningful access to that record.  Accordingly, we find the requirements of *Kelly* have not been met, and we conclude a digital record is not an accessible record for purposes of preparing a *pro se* response in this case.[4]  We hold that accessibility requires sending Appellant a paper copy of the appellate record.

---

[4] In *Kelly*, the Court recognized concerns about electronic copies of the record and suggested that either the trial court clerk or appellate court clerk send a digital copy of the record to the warden of the institution where an appellant is incarcerated with instructions to provide appellant with supervised access to a computer upon which to review or print the record.  *Kelly*, 436 S.W.3d at 321.  Based on Appellant's representation he is unable to access the digital record provided, which was unchallenged by the State, and considering the practical realities of an incarcerated individual in a correctional facility having access to a computer, we find this to be an impractical and unworkable solution.

Therefore, counsel is hereby ordered to prepare and deliver to Appellant, by whatever means possible, a paper copy of the appellate record on or before **October 13, 2014**. Counsel is directed to certify to this Court, in writing, that he has complied with this order on or before **October 13, 2014**.

Additionally, because *Anders* procedures apply only to indigent clients represented by appointed counsel, *Torres v. State*, 271 S.W.3d 872, 873 (Tex. App.—Amarillo 2008, no pet.), counsel should submit the cost of providing an accessible record to the trial court for reimbursement.

Appellant also requests an extension of time in which to file his response. Appellant is hereby granted an extension of time to **November 10, 2014,** in which to file his response.

Appellant's final request is for appointment of new counsel to assist him in preparing his response. This request is overruled. Court-appointed counsel's motion to withdraw has not been granted and he remains as Appellant's attorney of record until such time as this Court rules on his motion. The nature of an *Anders* appeal requires this Court, following submission of this appeal, to conduct an independent review of the record to determine whether arguable issues exist. Should this Court determine that no reversible error is presented as certified by counsel, his motion to withdraw will be granted and Appellant will not be entitled to new appointed counsel. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). If however, the Court disagrees with counsel's evaluation of this appeal, the case will be abated to the trial court to determine whether Appellant may be entitled to appointment of new counsel.

**CONCLUSION**

It is ordered that appointed counsel shall provide a paper copy of the appellate record to Appellant on or before the deadline designated above and certify compliance to this Court on that same date.  Appellant is granted an extension of time to file his *pro se* response to **November 10, 2014**, and Appellant's request for new appointed counsel is overruled.

Per Curiam

Do not publish.