

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00274-CR

---

TERRI LYNN HINKLE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE COUNTY COURT AT LAW OF HOOD COUNTY
TRIAL COURT NO. 46118

----------

## MEMORANDUM OPINION[1]

----------

Appellant Terri Lynn Hinkle appeals her misdemeanor conviction for theft.[2]
We affirm.

The State charged appellant with theft of property valued between $50 and
$500. She waived her right to a jury and pled *nolo contendere*. After listening to

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 31.03(a), (e)(2)(A)(i) (West Supp. 2014).

appellant state that her plea was voluntary and considering evidence related to her punishment, the trial court convicted her; sentenced her to six months' confinement; suspended imposition of the sentence; and placed her on community supervision, with several conditions, for twelve months. Appellant brought this appeal.

Appellant's retained appellate counsel filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, *citing Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), counsel represented that "the record reflects no potentially plausible basis to support an appeal."

An attorney, whether appointed or retained, is under an ethical obligation to refuse to pursue a frivolous appeal. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 436–37, 108 S. Ct. 1895, 1900–01 (1988). The procedural safeguards of *Anders*, however, do not apply to a retained attorney, and we do not have the same supervisory role over a retained attorney's representation. *Nguyen v. State*, 11 S.W.3d 376, 379 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *see Hoeflein v. State*, No. 02-11-00057-CR, 2012 WL 407383, at *1 (Tex. App.—Fort Worth Feb. 9, 2012, no pet.) (mem. op., not designated for publication). "This is so because by securing retained counsel, the appellant has received all that *Anders* was designed to ensure." *Lopez v. State*, 283 S.W.3d 479, 480 (Tex. App.—Texarkana 2009, no pet.).

A retained attorney, on determining that an appeal is frivolous, must inform the court that the appeal has no merit and seek leave to withdraw by filing a

2

motion complying with rule of appellate procedure 6.5. *See* Tex. R. App. P. 6.5; *Hoeflein*, 2012 WL 407383, at *1. We must then determine whether the motion satisfies the requirements of rule 6.5. *Hoeflein*, 2012 WL 407383, at *1.

Counsel's motion to withdraw does not meet rule 6.5's requirements because it does not contain a list of deadlines and settings in this appeal, appellant's telephone number, or a statement that appellant was notified of her right to object to the motion. *See* Tex. R. App. P. 6.5(a). Thus, we deny the motion to withdraw. *See id.*; *Onick v. State*, No. 02-09-00130-CR, 2010 WL 4676992, at *1 (Tex. App.—Fort Worth Nov. 18, 2010, no pet.) (mem. op., not designated for publication).

However, our record contains a copy of a letter that counsel sent to appellant on August 27, 2014. The letter informed appellant that counsel was filing a brief stating that her appeal was frivolous, that she had a right to inspect the record (which counsel mailed to her), and that she could respond to the brief within thirty days of the letter.[3] On September 3, 2014, we sent appellant a letter in which we referred to the brief her counsel had filed and instructed her to inform this court if she desired to respond to the brief. We stated, "If you do not advise this court of your intentions within **fourteen (14) days** of the date of this letter, this court will assume that you . . . have nothing to add to the brief filed by your

---

[3]The letter also notified appellant of her right to file a petition for discretionary review with the court of criminal appeals if this court affirmed her conviction.

3

attorney." In the several months since then, appellant has not responded to counsel's letter or our letter by indicating any desire to contradict the representations in counsel's brief concerning the frivolity of her appeal.

We know of "no rule that obligates us to retain on our docket an appeal which appellant has represented, through [her] hired attorney, as frivolous simply because the appellant failed to respond to [her] attorney's motion to withdraw or the brief that the attorney filed." *See Torres v. State*, 271 S.W.3d 872, 874 (Tex. App.—Amarillo 2008, no pet.). Yet, in the interest of justice, we have independently examined the record, and we discern no arguable issue that could warrant reversal. *See id.* Thus, we affirm the trial court's judgment. *See id.*; *see also Mariscal v. State*, No. 07-12-00529-CR, 2014 WL 1612327, at *2 (Tex. App.—Amarillo Apr. 17, 2014, no pet.) (mem. op., not designated for publication); *Hoeflein*, 2012 WL 407383, at *1; *Lopez*, 283 S.W.3d at 481.


                                        PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 26, 2015

4