

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00022-CR
_____

TODD RICHARD WARREN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 368th District Court
Williamson County, Texas[1]
Trial Court No. 13-1328-K277, Honorable Rick J. Kennon, Presiding

August 27, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Todd Richard Warren, entered a plea of guilty to the offense of aggravated assault on a public servant.[2] Appellant pleaded guilty without a recommendation as to punishment but with an agreement that the punishment would not exceed 20 years confinement in the Institutional Division of the Texas Department of

---

[1] Pursuant to the Texas Supreme Court docket equalization efforts, this case was transferred to this Court from the Third Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] See TEX. PENAL CODE ANN. § 22.02(b)(2)(B) (West 2011).

Criminal Justice (ID-TDCJ). Following a bench trial on the issue of punishment, the trial court assessed appellant's punishment at confinement in the ID-TDCJ for a term of 18 years. Appellant has perfected his appeal and we will affirm.

Having concluded that the case presented no non-frivolous grounds for an appeal, appellant's retained counsel filed a motion to withdraw and an *Anders* brief in support of the motion asserting that the case presented no non-frivolous grounds for an appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

"The procedural safeguards of *Anders* and its progeny do not apply to retained attorneys and we do not have the same supervisory role in guaranteeing the attorney's representation." *Nguyen v. State*, 11 S.W.3d 376, 379 (Tex. App.—Houston [14th Dist.] 2000, no pet.). "This is so because by securing retained counsel, the appellant has received all that *Anders* was designed to ensure." *Lopez v. State*, 283 S.W.3d 479, 480 (Tex. App.—Texarkana 2009, no pet.); *Torres v. State*, 271 S.W.3d 872, 873 (Tex. App.—Amarillo 2008, no pet.). Nonetheless, like their appointed counterparts, retained counsel also have an ethical obligation to refuse to pursue a frivolous appeal. *Torres*, 271 S.W.3d at 873 (citing *Rivera v. State*, 130 S.W.3d 454, 458 (Tex. App.—Corpus Christi 2004, no pet.)). So, when retained counsel encounters such an appeal, he must inform the appellate court of it and seek leave to withdraw in compliance with Rule 6.5 of the Texas Rules of Appellate Procedure. *Id.* Then, we need only address whether counsel complied with that rule. *Id.* at 874; *Rivera*, 130 S.W.3d at 458.

Here, appellant's retained counsel has represented to the Court that he reviewed the appellate record and discovered no arguable grounds for reversal. Further, our review of counsel's motion to withdraw and letters sent by counsel to his client reveals that counsel has provided the party's name and last known address and has disclosed applicable deadlines. *See* TEX. R. APP. P. 6.5. Counsel has represented that a copy of the motion to withdraw was delivered to appellant and has also informed appellant of his right to object to the motion to withdraw. *See id.* Counsel provided appellant with a motion to access the record, which appellant could have but did not file in this Court to seek access to the record in preparation of a response. The Court has also informed appellant of his right to respond to counsel's pending motion to withdraw, permitting appellant until July 22, 2015 to respond. To date, appellant has not responded to counsel's motion, nor has he corresponded with the Court in any manner.

We know of no rule that obligates us to retain an appeal on our docket which appellant has represented, through his hired attorney, is frivolous simply because the appellant failed to respond to his attorney's motion to withdraw or the accompanying brief. *Torres*, 271 S.W.3d at 874. Nonetheless, in the interest of justice, we undertook an independent review of the appellate record to determine whether counsel's representation regarding the frivolousness of the appeal was accurate. In so doing, we uncovered no arguable issue warranting reversal of the trial court's judgment. *See id.*

Accordingly, we grant counsel's pending motion to withdraw and affirm the trial court's judgment. We direct retained counsel to send appellant a copy of this judgment

and notify appellant of his right to file a pro se petition for discretionary review in compliance with Rule 48.4 of the Texas Rules of Appellate Procedure.


Mackey K. Hancock
Justice


Do not publish.