

**NUMBER 13-15-00551-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GLEN LEACH,                                                                  Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

## ORDER

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Order Per Curiam

Glen Leach appeals his conviction for possession of a controlled substance. After pleading guilty without a plea bargain to this third-degree felony offense, the trial court sentenced him to three years of confinement in the Institutional Division of the Texas Department of Criminal Justice.

Appellant's retained counsel has filed a "frivolous appeal" brief. *Anders v. California*, 386 U.S. 738, 744 (1967). By an order issued on July 19, 2016, we struck this brief and ordered re-briefing. We now withdraw our July 19, 2016 order striking the brief as improvidently issued.

An attorney, whether appointed or retained, is under an ethical obligation to refuse to pursue a frivolous appeal. *See McCoy v. Ct. of Apps. of Wis.*, 486 U.S. 429, 435 (1988); *Rivera v. State*, 130 S.W.3d 454, 458 (Tex. App.—Corpus Christi 2004, no pet.); *Pena v. State*, 932 S.W.2d 31, 32 (Tex. App.—El Paso 1995, no pet.). However, "[t]he procedural safeguards of *Anders* and its progeny do not apply to retained attorneys and we do not have the same supervisory role in guaranteeing the attorney's representation." *Nguyen v. State*, 11 S.W.3d 376, 379 (Tex. App.–Houston [14th Dist.] 2000, no pet.). "This is so because by securing retained counsel, the appellant has received all that Anders was designed to ensure." *Lopez v. State*, 283 S.W.3d 479, 480 (Tex. App.—Texarkana 2009, no pet.); *Torres v. State*, 271 S.W.3d 872, 873 (Tex. App.—Amarillo 2008, no pet.). Nonetheless, like their appointed counterparts, retained counsel also have an ethical obligation to refuse to pursue a frivolous appeal. *Torres*, 271 S.W.3d at 873; *Rivera v. State*, 130 S.W.3d 454, 458 (Tex. App.—Corpus Christi 2004, no pet.).

A retained attorney, on determining that an appeal is frivolous, must inform this Court that the appeal has no merit and then seek leave to withdraw by filing a motion to withdraw complying with Rule 6.5 of the Texas Rules of Appellate Procedure. *See Torres*, 271 S.W.3d at 873; *Rivera*, 130 S.W.3d at 458; *Pena*, 932 S.W.3d at 32; *see also* TEX. R. APP. P. 6.5.

Based on the foregoing, we order appellant's retained counsel to either file a brief on the merits or a motion complying with Texas Rule of Appellate Procedure 6.5 within fifteen days. If retained counsel files a brief on the merits, the State's brief will be due twenty days thereafter. If retained counsel files a motion to withdraw or otherwise fails to act within this deadline, appellant has the right to either object to the motion to withdraw, retain other counsel, request the appointment of counsel, if indigent, or request the record and an extension of time to file a pro se brief. *See Knotts v. State*, 31 S.W.3d 821, 822 (Tex. App.—Houston [1st Dist.] 2000, order). If appellant fails to act within thirty days from the date of this order, the appeal will be set for submission and considered without briefs on the merits alone.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of October, 2016.

3