**Opinion filed June 28, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00188-CR
_____

## MARLON NAPAUL JAMESON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CR41222**

## M E M O R A N D U M   O P I N I O N

Appellant, Marlon Napaul Jameson, originally pleaded guilty to the third-degree felony offense of unlawfully carrying a weapon on a licensed premises. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for two years. Several months later, the State filed a motion to revoke community supervision and adjudicate guilt. As a result, the trial court adjudicated Appellant's guilt, assessed his punishment at confinement for ten years, suspended the imposition of the sentence, and again

placed Appellant on community supervision. The State subsequently filed a motion to revoke Appellant's community supervision, alleging several allegations as grounds for revocation. At a hearing on the motion, Appellant pleaded true to two of the State's allegations. The trial court found all but one of the State's allegations to be true, revoked Appellant's community supervision, and imposed a reduced sentence of confinement for six years. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.755(a)(2) (West 2018) (reduction of term of confinement upon revocation). We dismiss the appeal.

Appellant's retained attorney has filed a motion to withdraw wherein he certifies that he has diligently searched the record and has concluded that there is no arguable issue or reversible error on which to base an appeal. Counsel has also filed what appears to be an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). However, the provisions of *Anders v. California* do not apply to retained counsel. *Vera v. State*, No. 11-10-00063-CR, 2011 WL 2730965, at *1 (Tex. App.—Eastland July 14, 2011, no pet.) (mem. op., not designated for publication); *Rivera v. State*, 130 S.W.3d 454, 458 (Tex. App.—Corpus Christi 2004, no pet.); *Craddock v. State*, 38 S.W.3d 886, 887 (Tex. App.—Waco 2001, no pet.). By securing retained counsel, Appellant has received all that *Anders* was designed to assure. *Rivera*, 130 S.W.3d at 458. Nonetheless, like their counterparts who have been appointed, retained counsel also have an ethical obligation to refuse to pursue a frivolous appeal. *Id.* When counsel encounters such an appeal, he must inform the appellate court of it and seek leave to withdraw in compliance with Rule 6.5 of the Texas Rules of Appellate Procedure. *Id.* In this situation, we need only address whether counsel complied with that rule. *Id.*

In compliance with Rule 6.5, counsel's motion to withdraw contains Appellant's name and last known address, a statement that a copy of the motion was delivered to Appellant via certified and first class mail, and a statement that Appellant was notified in writing of the right to object to the motion. Additionally, the motion to withdraw contains a notification to Appellant that he has the right to file a pro se brief in this appeal and the right to file a petition for discretionary review. Counsel provided Appellant with a copy of his "*Anders*" brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the appellate record. Upon receipt of counsel's motion, the clerk of this court notified Appellant by letter of his attorney's representation about the frivolousness of the appeal and the pending motion to withdraw. This letter also advised Appellant that any response to the motion was due to be filed in this court on or before February 15, 2018. Appellant has since filed two pro se motions for extension of time, which this court granted in part. With the extensions, the pro se response was due on or before May 17, 2018. Appellant has not filed a response.

The situation before us is unlike one where no brief has been filed. As we stated in *Vera*, we are not bound by the prohibitions of Rule 38.8(b) of the Texas Rules of Appellate Procedure. *Vera*, 2011 WL 2730965, at *1 (citing *Rivera*, 130 S.W.3d at 459) (stating that Rule 38.8(b), which generally prohibits an appellate court from dismissing or considering a criminal appeal in the absence of an appellant's brief, was not designed to protect a non-indigent appellant from retained counsel's determination that the appeal is without merit). Furthermore, there is no rule that obligates this court to retain on the docket an appeal that Appellant, through his retained attorney, has represented is frivolous. *Id.*

In the interest of justice, we have reviewed the record, and we agree that the appeal is frivolous. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *See Smith v. State*,

286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978).

Counsel's motion to withdraw is granted, and the appeal is dismissed.[1]

PER CURIAM

June 28, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[2]

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.