

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00293-CR

---

JESUS EDUARDO ZARATE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 110th District Court
Floyd County, Texas
Trial Court No. 4917, Honorable William P. Smith, Presiding

---

March 28, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Jesus Eduardo Zarate, was found guilty by a jury of the offense of continuous sexual abuse of a child.[1] The same jury also assessed punishment at forty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant has perfected his appeal and we affirm the trial court's judgment.

---

[1] *See* TEX. PENAL CODE ANN. § 21.02(b)(1).

Appellant's retained counsel has filed a motion to withdraw and an *Anders*[2] brief in support of his assertion that the case presents no non-frivolous grounds for an appeal. "The procedural safeguards of *Anders* and its progeny do not apply to retained attorneys and we do not have the same supervisory role in guaranteeing the attorney's representation." *Nguyen v. State*, 11 S.W.3d 376, 379 (Tex. App.—Houston [14th Dist.] 2000, no pet.). "This is so because by securing retained counsel, the appellant has received all that *Anders* was designed to ensure." *Lopez v. State*, 283 S.W.3d 479, 480 (Tex. App.—Texarkana 2009, no pet.); *Torres v. State*, 271 S.W.3d 872, 873 (Tex. App.—Amarillo 2008, no pet.). Nonetheless, like their appointed counterparts, retained counsel also have an ethical obligation to refuse to pursue a frivolous appeal. *Torres*, 271 S.W.3d at 873 (citing *Rivera v. State*, 130 S.W.3d 454, 458 (Tex. App.—Corpus Christi 2004, no pet.)). So, when retained counsel encounters such an appeal, he must inform the appellate court of it and seek leave to withdraw in compliance with Rule 6.5 of the Texas Rules of Appellate Procedure. *Id.* In such a circumstance, we need only address whether counsel complied with that rule. *Id.* at 874; *Rivera*, 130 S.W.3d at 458.

Here, Appellant's retained counsel has represented to the Court that he reviewed the appellate record and discovered no arguable grounds for reversal. Further, our review of counsel's motion to withdraw and letters sent by counsel to his client reveals that counsel has provided the party's name and last known address and has disclosed applicable deadlines. *See* TEX. R. APP. P. 6.5. Counsel has represented that he has provided Appellant a copy of the motion to withdraw, *Anders* brief in support thereof, and

---

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

appellate record. He also informed Appellant of his right to object to the motion to withdraw. *See id.* The Court has also informed Appellant of his right to respond to counsel's pending motion to withdraw, permitting Appellant until January 2, 2025, to respond. To date, Appellant has not filed a response to counsel's motion or corresponded with the Court in any manner.

We know of no rule that obligates us to retain an appeal on our docket which Appellant has represented, through his hired attorney, is frivolous simply because the appellant failed to respond to his attorney's motion to withdraw or the accompanying brief. *Torres*, 271 S.W.3d at 874. Nonetheless, in the interest of justice, we undertook an independent review of the appellate record to determine whether counsel's representation regarding the frivolousness of the appeal was accurate. In so doing, we uncovered no arguable issue warranting reversal of the trial court's judgment. *See id.*

Accordingly, we grant counsel's pending motion to withdraw and affirm the trial court's judgment. We direct retained counsel to send Appellant a copy of this opinion and judgment and notify him of his right to file a pro se petition for discretionary review in compliance with Rule 48.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 48.4.

Judy C. Parker
Justice

Do not publish.